SAMPOL, DEMANDANTE Y APELANTE, *v.* SUCESIÓN COLÓN, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre cobro de dinero (nuevo juicio.)

No. 2873.—Resuelto en mayo 11, 1923.

SORPRESA—ALEGACIÓN—NUEVO JUICIO.—La sorpresa en el juicio no consiste en la presentación por los demandados de un cheque hecho efectivo por el de-mandante, para probar el pago, sino que supone previamente alguna gestión por parte de los demandados en oposición a sus alegaciones, manifestacio-nes, etc.

APELACIÓN—PERFECCIONAMIENTO DE APELACIÓN.—Una apelación será desestimada cuando la corte de apelación no tiene ante su consideración ni las alegacio-nes ni la prueba presentada en el juicio, sino únicamente la moción de nuevo juicio, las declaraciones juradas y la resolución de la corte sentenciadora, pues éstas no son suficientes.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. H. R. Francis.*

Abogados de la apelada: *Sres. González Fagundo & Gon-zález, Jr.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-bunal.

La corte declaró sin lugar una moción de nuevo juicio bajo ciertas condiciones que son más o menos las que han sido expresadas en el caso de *Sampol* v. *Sucesión de Colón,* núm. 2692, que acaba de fallarse. Cinco fueron las causas alegadas, y las numeradas 4 y 5 están necesariamente resueltas en el caso anterior.

La tercera se refería al descubrimiento de nuevas pruebas. Convenimos con la corte inferior en que no se hizo ninguna demostración satisfactoria de nueva prueba que hubiera podido ser descubierta mediante diligencia.

El apelante alega sorpresa durante el juicio. En qué es que puede consistir ésta, ya lo consideramos en el caso de *Clausells* v. *Ramírez,* 19 D. P. R. 57. No consiste en la presentación por los demandados de un cheque, hecho efectivo por los demandantes, para probar el pago. El demandante puede haber olvidado este pago o creído que era para alguna otra cosa, pero él no fué sorprendido en sentido legal, lo cual supone previamente alguna gestión por parte de los demandados en oposición a sus alegaciones, manifestaciones, etc. Lo que el demandante debió haber hecho fué, de ser necesario, solicitar una prórroga del término en el primitivo juicio. El apelante expresa que no podía prever que los demandados negasen la existencia de dos pagarés. La dificultad, según consideramos el juicio, fué que el demandante no probó la existencia de dos pagarés y que si eran dos los que existían él debió haber venido a juicio preparado para probar ese extremo.

La corte declaró probado que la moción de nuevo juicio fué presentada demasiado tarde. El apelante no discute esta resolución en su alegato y la corte parece estar en lo correcto.

Hemos discutido estos puntos con vista del otro caso sometido a nuestra consideración. En realidad esta apelación debe ser desestimada por no tener ante nosotros ni las alegaciones ni la prueba presentada en el juicio. El apelante

sólo ha presentado la moción de nuevo juicio, las declaraciones juradas y la resolución de la corte sobre la misma.   Esto no es suficiente.

La apelación debe ser desestimada.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.